IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GALEN GLEN HIBBEN, individually and on behalf of all others similarly situated,**<br><br>    Plaintiff,<br><br>V.<br><br>**CDM FEDERAL PROGRAMS CORPORATION,**<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Galen Glen Hibben ("Plaintiff") brings this suit against CDM Federal Programs Corporation ("Defendant") to recover regular and overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 207(a)(1), 216(b). Plaintiff asserts his FLSA claims on behalf of himself and Defendant's current and former employees.

2. Plaintiff also brings this action on behalf of himself and Defendant's current and former employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Massachusetts Wage Act ("MWA"). *See* M.G.L. ch. 151, §1A.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because Plaintiff's claims involve a federal question under the FLSA. *See* 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Defendant because Defendant resides in this District, and Defendant does business in this District.

5. The Court has supplemental jurisdiction over the Massachusetts Wage Act claims. *See* 28 U.S.C. § 1367.

1

6. Venue is proper in the United States District Court for the District of Massachusetts because Defendant resides in this District. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

7. Plaintiff Galen Glen Hibben resides in Springdale, Arkansas. His written consent is attached herein as Exhibit 1.

8. The class members are similarly situated current and former employees of Defendant.

9. Defendant is a corporation organized in Massachusetts.

10. Defendant may be served through its registered agent for service, CT Corporation System, 155 Federal Street, Ste 700, Boston, Massachusetts 02110.

## FACTUAL BACKGROUND (APPLICABLE TO ALL CLAIMS)

11. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

12. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

13. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

14. Throughout the Claims Period, Plaintiff and all similarly situated employees were engaged in interstate commerce or in the production of goods for commerce.

15. Throughout the Claims Period, Defendant was an employer of Plaintiff and all similarly situated employees.

16. Throughout the Claims Period, Plaintiff and all similarly situated individuals were Defendant's employees.

17. Throughout the Claims Period, Defendant employed Plaintiff and all similarly situated employees.

## FLSA VIOLATION

18. Defendant is part of an organization that secured contracts with the Federal Emergency Management Agency ("FEMA"). Defendant provides various disaster and emergency relief construction, cleanup and related services throughout the country and offshore U.S. territories.

19. Plaintiff worked for Defendant as a Grants Manager Instructor.

20. Defendant paid Plaintiff on an hourly basis.

21. Plaintiff worked overtime (*i.e.*, more than 40 hours per week) for Defendant on numerous occasions during the Claims Period.

22. Defendant did not pay Plaintiff one-and-one-half times his regular rate of pay for each overtime hour he worked during the Claims Period.

23. Instead, Defendant paid Plaintiff his hourly rate (*i.e.*, "straight time") for each accepted work hour he recorded in the company's timekeeping system, including his overtime hours.

24. Defendant paid nearly all of its employees in the same manner regardless of job title/classification.

25. By engaging in this pay practice, Defendant deprived its employees of their right under the FLSA to receive time-and-a-half pay for their overtime hours.

26.     Defendant may argue Plaintiff was exempt from the FLSA's time-and-a-half requirement, but Defendant's compensation policy and practice does not satisfy the FLSA's salary-basis test for exempt employees. *See* 29 C.F.R. § 541.602(a)(1) ("[A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.").

27.     When Plaintiff recorded fewer than 40 hours, Defendant paid him a standard hourly rate for each hour he recorded, just as it did when he recorded more than 40 hours. Defendant's policy and practice of paying Plaintiff in this manner does not satisfy the salary-basis test for exempt employees.

28.     Plaintiff's work also does not satisfy the job-duties requirements for any overtime-pay exemptions under the FLSA.

29.     Defendant owes Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the Claims Period, plus liquidated damages in the same amount.

30.     Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

## COLLECTIVE ALLEGATIONS

31.     Plaintiff incorporates the prior allegations in this Complaint and restates them here on behalf of all individuals who were paid straight time for overtime hours each week during the Claims Period.

32.     Defendant paid these individuals on an hourly basis. Defendant did not pay them time-and-a-half for the overtime hours they worked each week. Instead, Defendant paid them straight time for the recorded overtime hours they worked each week.

33. Plaintiff and these similarly situated workers are hereafter referred to as "the Straight-Time Plaintiffs."

34. Plaintiff seeks to represent the interests of the Straight-Time Plaintiffs who have been deprived of their overtime pay in violation of the FLSA.

35. The Straight-Time Plaintiffs often worked more than 40 hours a week during the Claims Period.

36. Defendant failed to pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period.

37. Defendant owes the Straight-Time Plaintiffs .5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, plus liquidated damages in the same amount.

38. The Straight-Time Plaintiffs are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

39. The Straight-Time Plaintiffs are similarly situated because they were subjected to the same policy and practice. Defendant paid them on an hourly basis, and Defendant paid them "straight time" for each recorded overtime hour instead of the time-and-a-half rate required under the FLSA.

40. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> **All Current and Former Employees Who Were Paid Straight Time Instead of Time-And-A-Half for Recorded Overtime Hours (Hours Over 40) During Any Week Three Years from the Date of Filing this Action to the Present.**

41. Plaintiff reserves the right to modify the collective definition.

## WILLFUL VIOLATION

42. Defendant willfully violated the FLSA. Defendant either knew it should pay the Straight-Time Plaintiffs 1.5 times their regular rates of pay for each overtime hour worked or Defendant recklessly disregarded its obligation to do so. Consequently, Defendant is liable for the entire three-year period, pursuant to the FLSA.

## MASSACHUSETTS WAGE ACT VIOLATION

43. Plaintiff incorporates the preceding paragraphs by reference.

44. Plaintiff seeks to represent the interests of all similarly situated current and former hourly paid employees of Defendant who have been deprived of their overtime pay in violation of the MWA ("MWA Class").

45. Because Massachusetts has such a close connection to the parties and their employment relationship, the MWA applies to Plaintiff's claim and affords him and the MWA Class the remedy provided by § 151. *See Dow v. Casale,* 83 Mass. App. Ct. 751, 758, 989 N.E.2d 909, 914–15 (2013).

46. Throughout the Claims Period, Defendant was subject to the requirements of the MWA.

47. Throughout the Claims Period, Plaintiff and the MWA Class were Defendant's employees within the meaning of the MWA.

48. Throughout the Claims Period, Defendant employed Plaintiff and the MWA Class within the meaning of the MWA.

49. According to the MWA, employers shall compensate their employees at one-and-one-half times their regular rates for each hour worked in excess of forty hours in any workweek. *See* M.G.L. ch. 151, §1A.

50. Defendant did not pay Plaintiff and the MWA Class one-and-one-half times their regular rate of pay for each overtime hour they worked during the Claims Period.

51. Defendant's failure to pay the correct overtime rate violates the MWA. *See* M.G.L. ch. 151, §1A.

52. As a result of Defendant's unlawful conduct, Plaintiff and the MWA Class seek .5 times their regular rates of pay for each hour they worked over 40 each week during the Claims Period, along with treble damages.

53. Plaintiff and the MWA Class are entitled to an award of attorneys' fees and costs associated with prosecuting this lawsuit.

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings the Massachusetts Wage Act claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former hourly paid employees employed by Defendant three years prior to the filing of this Original Complaint in this action, and the date of final judgment in this matter ("MWA Class").

55. <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – The MWA Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56. <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to the putative members of the MWA Class, including, but not limited to, the following:

   (a) whether Defendant violated the Massachusetts Wage Act, M.G.L. ch. 151, §1A; and

   (b) whether Defendant paid Plaintiff and the MWA Class the one-and-one half times the regular rate for each hour worked in excess of forty hours in any

workweek.

57. <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative MWA Class. Plaintiff, like other MWA Class members, was subjected to Defendant's policy or practice of failing to pay one-and-one half times the regular rate for each hour worked in excess of forty hours in any workweek in violation of Massachusetts law. Plaintiff's job duties and claims are typical of those of the putative MWA Class.

58. <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative MWA Class.

59. <u>Adequacy of Counsel</u> (FED. R. CIV. P. 23(g)) – Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all the putative MWA Class members.

60. Class certification of the Massachusetts Law claims is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the putative MWA Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative MWA Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of failing to comply with state law regarding overtime pay in violation of Massachusetts law.

61. <u>Predominance</u> and <u>superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class certification of the Massachusetts State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative MWA Class predominate over any questions affecting only individual members of the putative MWA Class,

and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative MWA Class. The damages suffered by individual members of the putative MWA Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

62. <u>Notice</u> (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative MWA Class to the extent provided by Rule 23.

63. Plaintiff proposes that the MWA Class be defined as:

**All Current and Former Employees Who Were Paid Straight Time Instead of One-and-One Half Time for Recorded Overtime Hours (Hours Over 40) During Any Week Three Years from the Date of Filing this Action to the Present.**

64. Plaintiff reserves the right to modify the collective definition.

## JURY TRIAL DEMANDED

65. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff demands a judgment for himself and all similarly situated individuals against Defendant CDM Federal Programs Corporation for the following:

a. Unpaid regular and overtime wages;

b. Liquidated damages;

c. Treble damages pursuant to section 151 of the MWA;

d. Prejudgment interest on all amounts awarded at the highest rate allowable by law;

e. Attorneys' fees and costs;

f. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

g. All other relief the Court finds proper.

Dated: March 14, 2022

Respectfully submitted,

By: */s/ Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

AND

*/s/ Ricardo J. Prieto*
**Ricardo J. Prieto**
State Bar No. 24062947
*(pro hac vice forthcoming)*
rprieto@eeoc.net
**Melinda Arbuckle**
State Bar No. 24080773
*(pro hac vice forthcoming)*
marbuckle@eeoc.net
**SHELLIST LAZARZ SLOBIN LLP**
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993
Attorney-in-Charge for All Named and Opt-In Plaintiffs